IN THE UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD C. KILEY,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

and

JOHN BANYAS

    Defendants.

_____/

## COMPLAINT

Plaintiff, RICHARD C. KILEY, by and through the undersigned counsel, hereby sues Defendants, UNITED STATES OF AMERICA and JOHN BANYAS., and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00).

2. That this case is under the Federal Tort Claims Act, 28 U.S.C. §2671-§2680, §1346(b), §2401(b) and §1402(b).

3. That this Court has jurisdiction pursuant to 28 U.S.C. §1346 (b)(1) in that it involves a claim for personal injury caused by the negligent or wrongful act or

omission of the United States of America or an employee of the United States of America.

4. All conditions precedent and prerequisites to filing suit have been met pursuant to 28 U.S.C. §2675. A copy of the Claim for Damages, Injury or Death (Form SF 95) is attached as Exhibit "A" to this Complaint.

5. At all times material hereto, Plaintiff, RICHARD C. KILEY, was a resident of Bradenton, Manatee County, Florida.

6. On or about September 1, 2019, Defendant, UNITED STATES OF AMERICA, operated a United States Postal Office located at 12112 44th Ave. W. Cortez, Florida 34215.

7. The Defendant, UNITED STATES OF AMERICA, leased the above space for the purpose of operating a United States Postal Service office.

8. The Defendant, JOHN BANYAS, owned the property at the above named address.

9. Pursuant to the terms of the lease agreement in place on September 1, 2019, the Defendant, UNITED STATES OF AMERICA, was responsible for maintaining the "demised premises" including the repair and replacement of items on the premises except for those items specifically made the responsibility of the Landlord in Paragraph 3 of the lease agreement.

10. Paragraph 2 of the lease agreement further defines "demised premises" to include the improvements and appurtenances to such premises and all equipment and fixtures furnished, or to be furnished, by the landlord under the lease agreement.

11. On the exterior, west side of the building was a flagpole with a United States flag.

12. Said flag was on a metal pole with its base affixed to the asphalt just to the right of the two steps on the western side of the building.

13. At all times material hereto, the Defendant, UNITED STATES OF AMERICA, was authorized and responsible for maintaining and/or repairing the flagpole on the property pursuant to the lease agreement.

14. On or about September 1, 2019, Plaintiff, RICHARD KILEY, visited the above named address as a business invitee and/or guest.

15. At said time and place, Plaintiff, RICHARD KILEY, was a lawful guest upon the premises and was injured by a "fixture"/flagpole maintained by the Defendant, UNITED STATES OF AMERICA, who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

16. At said time and place, Defendant, JOHN BANYAS, owned the property located at the above address and owed Plaintiff a nondelegable to duty to exercise reasonable care to maintain the entire premises in a reasonably safe condition.

17. While Plaintiff, RICHARD C. KILEY, was walking in the parking lot, the rusted flagpole snapped and broke away from the base falling on the Plaintiff, RICHARD C. KILEY'S, head.

## COUNT I
## NEGLIGENCE OF THE UNITED STATES OF AMERICA

18. Plaintiff realleges and asserts the allegations contained within paragraphs one (1) through seventeen (17) as if fully set forth herein.

19. At said time and place, Defendant, UNITED STATES OF AMERICA, owed Plaintiff duties to maintain the premises in a reasonably safe condition, pursuant to the lease agreement, and to warn Plaintiff of dangerous conditions that they knew or should have known about on the premises.

20. At said time and place, Defendant, UNITED STATES OF AMERICA, owed Plaintiff duties to maintain the "demised premises," including the improvements and appurtenances to such premises and all equipment and fixtures furninshed or to be furnished by the Landlord, in a reasonably safe condition, and to warn Plaintiff of known, dangerous condition on the premises.

21. At said time and place, Defendant, UNITED STATES OF AMERICA, breached these duties to Plaintiff by committing one or more of the following omissions or commissions;

a) Negligently failing to maintain or adequately maintain the flagpole pursuant to the lease agreement, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating an injury hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the flagpole and its base, to ascertain whether the rusted, degraded flagpole and base, which was poorly maintained, constituted a hazard to invitees on the premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the rusted, degraded flagpole and base, when Defendant knew or through the exercise of reasonable care should have known that said flagpole and base were unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the flagpole and its base, when said condition

was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff assigned to the task of inspecting and/or maintaining the premises pursuant to the lease agreement for dangerous conditions;

g) Negligently failing to train or inadequately training its employees to inspect and/or maintain and/or repair the flagpole and base for dangerous conditions;

h) Negligently failing to train and/or inadequately training its employees regarding inspecting the leased premises and all improvements, appurtenances and fixtures they were responsible for maintaining pursuant to the lease agreement, thus creating an unreasonably dangerous condition for the Plaintiff;

i) Negligently failing to have adequate policies and/or schedules in place to have employees routinely inspect the premises and all improvements, appurtenances and fixtures they are responsible for maintaining pursuant to the lease agreement, thus creating an unreasonably dangerous condition for Plaintiff;

j) Negligently failing to act reasonably under the circumstances;

      k) Negligently failing to comply with and satisfy the terms of the lease agreement between the USPS and the property owner.

22. As a result, while Plaintiff was visiting the premises at the above named address, he was hit in the head with the flagpole when the flagpole snapped and broke from its rusted base, sustaining significant personal injuries.

23. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, RICHARD C. KILEY, sues the Defendant, UNITED STATES OF AMERICA, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II
## NEGLIGENCE OF JOHN BANYAS

24. Plaintiff realleges and asserts the allegations contained within paragraphs one (1) through seventeen (17) as if fully set forth herein.

25. At said time and place, Defendant, JOHN BANYAS, owed Plaintiff duties to maintain the premises that he owned in a reasonably safe condition, and to warn Plaintiff of dangerous conditions that he knew or should have known about on their premises.

26. At said time and place, Defendant, JOHN BANYAS, breached these duties to Plaintiff by committing one or more of the following omissions or commissions;

   a) Negligently failing to maintain or adequately maintain the exterior of the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an an unreasonably dangerous condition for Plaintiff;

   b) Negligently creating an injury hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the exterior of the premise, including taking notice of the rusted, degraded flagpole and base to ascertain whether there are any safety hazards on the exterior of the premises that constituted a hazard to invitees on the premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d) Negligently failing to inspect or adequately warn the Plaintiff of the rusted, degraded flagpole and base, when Defendant knew or through the exercise of reasonable care should have known that said flagpole and base were unreasonably dangerous and that Plaintiff was unaware of same;

    e) Negligently failing to inspect and warn the USPS tenant of the unreasonably dangerous condition of the flagpole and its base on the premises owned by him, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

    f) Negligently failing to advise the USPS of the unsafe condition on the property that he owned that needed to be repaired or replaced pursuant to the lease agreement;

    g) Negligently failing to act reasonably under the circumstances.

27. As a result, while Plaintiff was visiting the premises at the above-named address, he was hit in the head with the flagpole when the flagpole snapped and broke from its rusted base, sustaining significant personal injuries.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability,

disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, RICHARD C. KILEY, sues the Defendant, JOHN BANYAS, for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 23rd day of February, 2022

*/s/ Ashley Long*
ASHLEY LONG, ESQ.
FBN: 0010418
Morgan & Morgan P.A.
101 Riverfront Blvd Suite 600
Bradenton, FL 34205
Telephone Phone: (941) 308-2409
Facsimile: (941) 308-2442
Primary email: along@forthepeople.com
Secondary email:
bbaron@forthepeople.com
Attorneys for Plaintiff